FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 NOV 22 AM 9 19

STEPHAN HARRIS, CLERK
CHEYENNE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| DANITA L. CANTU (Pro Se),<br><br>Plaintiff,<br><br>v.<br><br>FLEXTRONICS AMERICA, LLC,<br><br>Defendant. | Case No. 2:12–CV–00279–ABJ |

## OPINION AND ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS

Plaintiff has filed a Title VII employment discrimination and retaliation action against her former employer. Defendant employer has moved to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6). Defendant asserts that Plaintiff has failed to allege sufficient facts to state a plausible claim for relief for her discrimination and her retaliation claims. For the following reasons, the Court GRANTS Defendant's motion to dismiss but allows Plaintiff to move for leave to amend her complaint.

### BACKGROUND

Danita L. Cantu ("Plaintiff") is a Wyoming resident who was allegedly employed in Flextronics America, LLC ("Defendant")'s office in Cheyenne, Wyoming. Plaintiff filed her Complaint and a Motion to Proceed *in forma pauperis* on December 21, 2012. The Court

1

Approved her motion in June of 2013, and she requested in August of 2013 that her summons and Complaint be served at government expense. This Court approved her request, and Defendant filed its Motion to Dismiss shortly thereafter.

Plaintiff styles her claims as a racial discrimination and retaliation action brought under Title VII of the Civil Rights Act of 1964. In Plaintiff's Complaint, she alleges that Defendant and/or Defendant's legal representatives engaged in harassment and intimidation based on their racial prejudice. She also alleges that Defendant created a false disciplinary record to mask its racial prejudice and that she was fired in retaliation for reporting the discrimination she suffered and for filing an EEOC complaint.

Defendant filed its Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) asserting that Plaintiff had failed to allege sufficient facts to state a plausible claim for relief. [ECF No. 10] After some prompting, Plaintiff filed an Answer to Defendant's Motion to Dismiss ("Response"). [ECF No. 15] In her Response, Plaintiff alleged more facts and argues that her racial discrimination claim is valid. Defendant's Reply asserted that, even including the additional facts in her Response, Plaintiff still had not alleged sufficient facts to support a plausible claim for relief. [ECF No. 16]

## STANDARD OF REVIEW

In *Ashcroft v. Iqbal*, the Supreme Court articulated a two-step approach for district courts to use when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See* 556 U.S. 662, 679 (2009). First, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* *Iqbal* clarified that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. The Court has stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility lies somewhere between possibility and probability; a complaint must establish more than a mere possibility that the defendant acted unlawfully but the complaint does not need to establish that the defendant probably acted unlawfully. *See id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

I.  **Plaintiff's Title VII Discrimination Claim**

> Title VII makes it unlawful "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." A plaintiff proves a violation of Title VII either by direct evidence of discrimination or by following the burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). Under *McDonnell Douglas,* a three-step analysis requires the plaintiff first prove a *prima facie* case of discrimination.

*Khalik v. United Air Lines,* 671 F.3d 1188, 1192 (10th Cir. 2012) (internal citations omitted).

To set forth a general Title VII discrimination case, "a plaintiff must demonstrate: "1) [s]he was a member of a protected class; (2) [s]he was qualified and satisfactorily performing [her] job; and (3) [s]he was terminated under circumstances giving rise to an inference of

discrimination." *Barlow v. C.R. England, Inc.*, 703 F.3d 497, 505 (10th Cir. 2012). Once the Plaintiff has established a *prima facie* case,

> [t]he burden then shifts to the defendant to produce a legitimate, non-discriminatory reason for the adverse employment action. If the defendant does so, the burden then shifts back to the plaintiff to show that the plaintiff's protected status was a determinative factor in the employment decision or that the employer's explanation is pretext.

*Khalik*, 671 F.3d at 1192 (internal citations omitted).

"While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each cause of action help to determine whether Plaintiff has [alleged] a plausible claim." *Id.* In this case, Plaintiff has filed her Complaint *pro se* and is proceeding *in forma pauperis*. Thus, the Court must give the Complaint a liberal construction, but the Court need not accept as true those allegations that are conclusory in nature. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Erickson v. Pawnee Cnty. Bd. Of Cnty. Cm'rs.*, 263 F.3d 1151, 1154-1155 (10th Cir. 2001).

In this case, several of Plaintiff's allegations are not entitled to the assumption of truth because they are entirely conclusory. *Cf. Iqbal*, 556 U.S. at 678. These allegations include: (1) Defendant created a false record of disciplinary problems to mask the racial bias against minorities; and (2) Defendant harassed and intimidated Plaintiff. Plaintiff's Complaint is factual deficient in several respects.

First, Plaintiff did not allege in her complaint that she is a member of a protected class. However, Defendant noted that Plaintiff is African-American in the instant motion, and Plaintiff did note that she is African-American in her Response. Second, Plaintiff did not allege that she was qualified and satisfactorily performing her job. Nor did she allege any facts to support such a conclusion, such as positive performance reviews, awards, accolades, etc.

Third, Plaintiff's Complaint does not allege sufficient facts to raise an inference of discrimination. Facts, as opposed to conclusions, that would support a plausible claim of discrimination include: specific actions or remarks made by decision-makers, examples of preferential treatment given to employees outside the protected class, or the timing or sequence of events that lead to plaintiff's termination. *Barlow*, 703 F.3d at 505. Plaintiff alleged no such facts in her Complaint. In her Response, as opposed to the Complaint, she asserts that an identified coworker racially harassed her, but she does not allege what her co-worker actually said. Additionally, Plaintiff has not identified any similarly situated employees who were treated differently, and she has not alleged any actions or remarks by decision-makers that appear to be racially motivated.

In other words, Plaintiff has provided very little context to her claim and very few actual facts regarding her discrimination. The Court thus finds that she has not alleged sufficient facts to support a plausible Title VII discrimination claim.

## II. Plaintiff's Title VII Retaliation Claim

> Title VII also makes it unlawful for an employer to retaliate against an employee "because [s]he has opposed any practice made an unlawful employment practice by this subchapter." A plaintiff can similarly establish retaliation either by directly showing that retaliation played a motivating part in the employment decision, or indirectly by relying on the three-part *McDonnell Douglas* framework. To state a prima facie case for retaliation under Title VII, a plaintiff must show "(1) that [s]he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action."

*Khalik*, 671 F.3d at 1192-1193 (internal citations omitted).

In the instant case, Plaintiff alleges that she told "Defendant, or Defendant's legal representative," that she had filed a complaint with the EEOC. Complaint at ¶4. However, she does not allege that she actually filed a complaint with the EEOC, and she does not indicate what

the EEOC's ruling was. Further, she does not allege in her Complaint who she told about the alleged discrimination or her EEOC complaint. In her Response, Plaintiff does provide who she told about the discrimination, but she still has not alleged who actually terminated her employment. She also does not allege when she filed her EEOC complaint and when she was fired. Without this context, it is very difficult for the Court to determine if there is any causal relationship between the alleged discrimination or the EEOC complaint and her employment termination. Accordingly, the Court thus finds that she has not alleged sufficient facts to support a plausible Title VII retaliation claim.

## CONCLUSION

For the reasons stated above, the Court finds that Plaintiff has failed to allege sufficient facts to support either a plausible Title VII discrimination or retaliation claim. The Court is also cognizant, however, that Plaintiff filed her Complaint *pro se* and is proceeding *in forma pauperis*. While the Court is granting Defendant's Motion to Dismiss, the Court feels that the dismissal should be without prejudice at this stage of the proceedings because of Plaintiff's *pro se* status. Thus, Plaintiff may attempt to cure her Complaint's deficiencies and try again, if she so chooses. The Court therefore ORDERS that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. If Plaintiff so chooses, she may file a motion for leave to amend her complaint, attaching a proposed amended pleading, by **no later than December 11, 2013**.

Dated this 21st day of November, 2013.

Alan B. Johnson
United States District Judge